**E-FILED on**     12/1/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PEREZ GONZALEZ, | No. C-08-03916 RMW |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |
| _____/ | |
| ARNOLD SCHWARZENEGGER, Governor, BOARD OF PAROLE HEARINGS, | |
| Real Parties in Interest. | |

Petitioner a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court will require respondent to show cause why a writ of habeas corpus should not be granted.

## I. BACKGROUND

Petitioner was convicted of first-degree murder in the Superior Court of Alameda County, Case No. 88030. On May 11, 1990, petitioner was found guilty of one (1) count of murder in the

ORDER TO SHOW CAUSE—No. C-08-03916 RMW
AKT

second-degree. Petitioner was sentences to fifteen (15) years to life. Petitioner has been in custody since shortly after the date of the murder for a period of almost twenty-two (22) years. Petitioner originally filed his petition for habeas corpus on August 15, 2008, and on September 26, 2008 filed his First Amended Petition.

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

Petitioner's claim for federal habeas corpus relief is premised upon both prongs of the standards under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C.§ 2254(d)(1) and (2). Petitioner claims a violation of due process rights given that California Penal Code § 3041 creates a liberty interest in parol. Citing *In re Lawrence*, 44 Cal.4th 1181, 1190 (Cal. 2008), petitioner argues that the Board's crime-based findings must be supported by some evidence in the record which reasonably establishes that the inmate is currently dangerous. Further, petitioner claims the Board violated his due process rights in relying on unconstitutionally vague terms in order to deny parol. Petitioner has paid the $5.00 filing fee. It does not appear from the face of the petition that it is without merit.

## III. ORDER

Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

2. Respondent shall file with this court and serve upon petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the relevant state records that have been

transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date petitioner is served with respondent's answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court and respondent informed of any change of address and must comply with the court's orders in a timely fashion. Petitioner must also serve on respondent's counsel all communications with the court by mailing a true copy of the document to respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended. IT IS SO ORDERED.

Dated:  12/1/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER TO SHOW CAUSE—No. C-08-03916 RMW
AKT                                              3

**Notice of this document has been sent to:**

**Counsel for Petitioner:**
Steve M. Defilippis                flipsmd2005@yahoo.com

**Counsel for Respondent:**
(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.