**E-FILED on** 9/27/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGIO PEREZ GONZALEZ,<br><br>Petitioner,<br><br>ARNOLD SCHWARZENEGGER, Governor,<br>BOARD OF PAROLE HEARINGS,<br><br>Real Parties In Interest. | No. C-08-03916 RMW<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS |

Sergio Perez Gonzalez ("Gonzalez") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 parole denial. Respondent moves to dismiss the petition on the ground that it is brought beyond the one-year statute of limitations under 28 U.S.C. § 2244. For the reasons discussed below, the court finds the petition barred by the statute of limitations and grants respondent's motion to dismiss.

**I. BACKGROUND**

Gonzalez was convicted in Alameda County Superior Court of second degree murder and sentenced to fifteen years to life in prison. His habeas petition does not challenge his conviction, but instead attacks a decision of the Board of Parole Hearings ("the Board") finding him unsuitable for parole. Gonzalez has been denied parole four times in the last twelve years. His initial parole

hearing was held on May 9, 1996. Subsequent parole hearings were held on July 27, 1999, September 19, 2003 and May 24, 2006. The Board's May 24, 2006 denial is the subject of the instant petition.

Gonzalez filed several state petitions for collateral review before filing this action. He filed his first state habeas petition in Alameda County Superior Court on April 9, 2007. That petition was denied on October 11, 2007. Gonzalez filed a petition for review before the California Court of Appeals on February 4, 2008 which was denied thereafter. Finally, the California Supreme Court denied his petition on May 14, 2008.

Gonzalez filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court on August 15, 2008. On January 29, 2010, respondent moved to dismiss on timeliness grounds. On March 1, 2010, Gonzalez filed an opposition arguing, in relevant part, that he is entitled to tolling for: (1) the time between the Board's decision and the filing of his first petition in Alameda County Superior Court; (2) the period between the denial of his petition in superior court and his filing in the California Court of Appeals; and (3) the ninety days following the denial of his petition by the California Supreme Court when he was deciding whether to pursue certiorari in the United States Supreme Court.

## II. ANALYSIS

**A.     Legal Standard For AEDPA Statute of Limitations**

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner has one year to seek federal habeas corpus relief from a state-court judgement. *Law v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003); *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). Section 2244(d) also applies to habeas petitions challenging an administrative decision such as a parole denial. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003).

Where a prisoner attacks a parole denial, the limitation period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* §2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d at 1085. The "factual predicate" of the habeas claim is the finality of the adverse administrative decision, and not the denial of the first state

1 habeas petition. *Id.* at 1084 (limitations period began when the Board denied prisoner's administrative
2 appeal challenging its decision that he was unsuitable for parole).

3 However, the one-year limitations period is tolled for the "time during which a properly filed
4 application for state post-conviction or other collateral review with respect to the pertinent judgment or
5 claim is pending." § 2244(d)(2). A prisoner challenging a parole determination can receive statutory
6 tolling for the period when his state habeas petitions are pending. *Redd*, 343 F.3d at 1084.

7 **B.     Gonzalez's Federal Petition is Facially Untimely**

8 The Board's decision denying Gonzalez parole became final on May 24, 2006. Under the
9 California Code of Regulations, that decision became final 120 days later on September 22, 2006.
10 *See* Cal. Code. Regs. tit. 15, §2041(a) and (h).

11 Gonzalez argues, however, that the Board's decision became final for habeas purposes not on
12 September 22, 2006 but instead on October 22, 2006 to comply with the 30 days in which the
13 governor is allowed to review parole decisions in California. Article V, Section 8(b) of the California
14 Constitution provides, "No decision of the parole authority ... with respect to the granting, denial,
15 revocation or suspension of parole of a person ... shall become effective for a period of 30 days,
16 during which the Governor may review the decision."

17 The court finds this argument unpersuasive. When parole is denied, the administrative
18 process of the Board is finished 120 days following the hearing. *See Van Houten v. Davison*, C 07-
19 5256 AG, 2009 WL 811596 at *5 (C.D. Cal. Mar. 26, 2009). The governor's review operates
20 independently of the administrative process and "does not change the essence of the factual predicate
21 for a prisoner's parole claim." *Id*. at *8. Gonzalez should have been aware that September 22, 2006
22 was the date on which the Board's administrative process came to an end, thus initiating the
23 limitations period under §2244(d)(1)(D). *See Redd,* 343 F.3d at 1083-84.

24 Accordingly, the limitations period for Gonzalez began to run on September 23, 2006, and the
25 presumptive deadline for Gonzalez to file his federal habeas petition therefore was September 23,
26 2007. Gonzalez filed the instant petition on August 15, 2008. Because Gonzalez filed his federal
27 petition after AEDPA's one-year statute of limitation period expired, his petition can be timely only if
28 the limitations period is tolled under statutory or equitable tolling principles.

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS —     No. C-08-03916 RMW
JLC                                             3

**C.     Gonzalez is Entitled to Statutory Tolling Only During the Time His Petition was on File in State Court**

The parties dispute tolling for three time periods. When Gonzalez filed his initial habeas petition in the Alameda County Superior Court on April 2, 2007, 192 days had passed since the Board's decision became final on September 22, 2006.[1] Respondent concedes that the limitations period was thereafter tolled pursuant to § 2244(d)(2) until the superior court denied the petition on October 11, 2007. Motion at 3. Gonzalez did not then file his petition in the California Court of Appeals until February 4, 2008, a span of 116 days. Respondent again concedes that Gonzalez is entitled to statutory tolling for the period from February 4, 2008 to May 14, 2008, when his California Court of Appeals and California Supreme Court petitions were pending. Motion at 3. Finally, Gonzalez waited an additional 93 days following the denial by the California Supreme Court before filing his petition with this court on August 15, 2008. By adding all the periods in dispute, Gonzalez's petition is thirty-six days late and can only be considered timely if at least one of the periods is tolled.

**(1)     Gonzalez in not entitled to tolling for the 192 day period between the date the Board's decision became final and the filing of his petition in superior court.**

Gonzalez contends that tolling is appropriate for the period between the date the parole decision became final and the filing of his petition in superior court because the delay was not "substantial" under *In re Burdan*, 169 Cal. App. 4th 18 (2009). However, the circumstances under which a state petition is deemed "pending" for purposes of § 2244(d)(2) is a question of federal law rather than state law. *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). Therefore, the correct inquiry is whether Gonzalez's state petition was pending under federal law construing § 2244(d)(2). Based on the wording of the statute, it is clear that tolling does not begin until the petition is filed in state court, which did not occur until Gonzalez officially submitted his petition on April 2, 2007. *See Ontiveros v. Subia*, 365 Fed. Appx. 848, 850 (9th Cir. 2010) (rejecting the argument that *Burdan* entitled a petitioner to tolling between the date of the parole denial and the date

---

[1] Gonzalez contends, and respondent concedes, that the filing date this court should consider for his initial state habeas petition is April 2, 2007, the date the court's clerk received his petition.

of state court filing). The statute of limitations thus was not tolled prior to Gonzalez's filing of his first petition in superior court.

### (2) Gonzalez is not entitled to tolling for the 116 day period between the date his petition was denied by the superior court and the date he filed in the California Court of Appeals

Gonzalez next contends that he entitled to gap tolling during the 116 day period prior to the filing of his petition in the Court of Appeals because the delay was "reasonable." A habeas petition is pending for the purposes of § 2244(d) "for the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original) (citing *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)). While statutes in most states declare an appeal to be timely if filed within 30-60 days, in California petitions for review are timely if filed "within a reasonable time." *Chavis*, 546 U.S. at 191-192 (citing *In re Harris*, 5 Cal. 4th 813, 828, n. 7 (1993)). The court thus must "examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Chavis*, 546 U.S. at 198. In *Chavis*, the Supreme Court noted it had "found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month delay 'reasonable.'" *Id.* at 201. The Court further reasoned, "in *Saffold*, we held that timely filings in California ... fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States in this respect ... California remains free to tell us if, in this respect, we were wrong." *Id*. at 199-200 (emphasis in original) (citing *Saffold*, 536 U.S. at 222-223).

Gonzalez argues that *In re Burdan* again establishes that he is entitled to tolling. In *Burdan* the court distinguished the considerations involved when a petitioner challenges a parole determination rather than a conviction. *Burdan*, 169 Cal. App. 4th at 31. The court reasoned that, unlike where the petition attacks the conviction itself, in parole cases there is little risk of pertinent evidence being lost and the prisoner is the person most harmed by delay. *Id.* The *Burdan* court thus held that a 10-month delay between the superior court's denial of a habeas petition challenging a parole determination and the filing of the next petition in the California Court of Appeals was reasonable for an unrepresented prisoner because there was no potential prejudice to the state. *Id*.

There is some dispute among district courts in California as to whether *Burdan* controls in this context and the Ninth Circuit has not yet ruled on the issue. *Compare Webb v. Curry*, C 09-0054 MHP, 2010 WL 235073, at *3-4 (N.D. Cal. Jan. 21, 2010) (finding 153 day delay unreasonable and reasoning that "[c]onstruing *Burdan* to mean that any delay is reasonable when a petitioner is challenging parole denial would make California's scheme so unlike that contemplated by *Saffold* and *Chavis* that those cases would be stripped of their rationale and purpose"); *with Wilson v. Walker*, C 07-2752 GEB, 2010 WL 961843 at *1-2 (E.D. Cal. Mar. 16, 2010) (holding both a 100 day delay and a 195 day delay reasonable and reasoning that *Chavis* directs the federal courts to look to California law on the issue of timeliness). According to Gonzalez, *Burdan* establishes that California prisoners challenging parole denials need not provide an explanation for delays between state habeas filings, at least where such delays are less than ten months.

The court need not reach the issue of *Burdan*'s scope because it is distinguishable on the facts. Unlike the *pro se* petitioner in *Burdan*, Gonzalez has been represented by counsel throughout his state and federal habeas proceedings. Gonzaelez cites no authority, and the court has found none, applying *Burdan* to a delay between filings by a represented petitioner. *Compare id*. at *1 (*Burdan* applies to unrepresented prisoners challenging parole denial); *Marshall v. Salazar*, C 09-6568 JSL, 2009 WL 5166247, at *7 (C.D. Cal. Dec. 18, 2009) (same); *Espinoza v. Schwarzeneggar*, C 07-2730 MCE, 2010 WL 1006451 at *2 (E.D. Cal. Mar. 17, 2010) (same). While Gonzalez suggests that his nearly four month delay should be excused because he was attempting to raise the funds "necessary in order to further pursue habeas relief," he does not indicate that he was unrepresented during this time, that he was misled by counsel, or that there was any other obstacle to his filing the appeal sooner. Pet. Supp. Br. at 2. Accordingly, Gonzalez's 116 day delay in filing his petition in the appellate court was not reasonable and the statute of limitations was not tolled for this period.

### (3) Gonzalez is not entitled to tolling of the ninety days allowed to file certiorari in the U.S. Supreme Court.

Gonzalez last contends that the statute of limitations is also tolled for the ninety days after the California Supreme Court denied his state habeas petition during which he could file a certiorari petition with the U.S. Supreme Court. The Supreme Court has explicitly held that the AEDPA statute

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS — No. C-08-03916 RMW
JLC
6

of limitations does not toll pursuant to §2244(d)(2) during this period. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("This Court is not a part of a 'State's post-conviction procedures.' ... After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open."). The ninety days after the California Supreme Court's denial of Gonzalez's petition is counted towards the limitation period. Gonzalez's federal petition was filed thirty-six days after the one-year statute of limitations expired and is thus time-barred. [2]

### III. ORDER

For the foregoing reasons, respondent's motion to dismiss is GRANTED. The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

### IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009). The court believes its analysis is sound but that jurists of reason could disagree as to whether the petition states a valid claim for the denial of a constitutional right or whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is GRANTED.

DATED: September 27, 2012

RONALD M. WHYTE
United States District Judge

---

[2] Gonzalez contends that he is allowed five days for the mailing of the superior court and California Supreme Court denial. As resolution of this issue in Gonzalez's favor would not render his petition timely, the court does not reach it here.

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS — No. C-08-03916 RMW
JLC
7